IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALVIN V. LUCKETT, JR.,                                                                                          PLAINTIFF

V.                                                NO. 4:07CV083-P-D

CHRIS EPPS, ET AL.,                                                                   DEFENDANTS

## **OPINION**

Upon further consideration of the complaint and the files and records in this action, the court finds that an order dated May 15, 2007, required Plaintiff to either submit the filing fee or complete the attached request to proceed *in forma pauperis* including account information within thirty (20) days. Plaintiff was warned that his failure to timely comply with the requirements of the order might lead to dismissal of his lawsuit.

Well over twenty days have passed, and Plaintiff has not submitted the account information necessary to complete the *in forma pauperis* form that was sent by the court nor has Plaintiff submitted the filing fee.

Rule 4l(b), Federal Rules of Civil Procedure, provides, *inter alia*,

> For failure of the plaintiff to prosecute or to comply with these Rules
> or any order of the court defendant may move for dismissal of an action
> or of any claim against him.

Even though the Rule speaks in terms of dismissal on motion of a defendant, it is now settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (l962); *Lopez v. Aransas County Independent School District*, 570 F.2d 54l, 544 (5th Cir. l978). Rule 4l(b) further provides, *inter alia*:

> Unless the court in its order for dismissal otherwise specifies, dismissal
> under this subdivision and any dismissal not provided for in this rule,
> other than a dismissal for lack of jurisdiction, for improper venue, or
> for failure to join a party under Rule l9, operates as an adjudication
> upon the merits.

Since Defendants have never been called upon to answer the pleadings, and have never appeared in this action, and since the court has never considered the merits of Plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. l976).

A final judgment in accordance with this opinion will be entered.

THIS the 19th ay of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE