IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALVIN V. LUCKETT, JR.                                                          PLAINTIFF

V.                                                           CIVIL ACTION NO.4:07CV83-WAP-JAD

CHRIS EPPS, et al.                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

The undersigned held an evidentiary hearing in this matter on December 1, 2008. The plaintiff is Alvin Luckett, Jr. The remaining defendants are Charles Hand, Anthony Porter, Martha Willis, Samuel Moore, Curtis Reed, Cheryl Johnson, Precious Love, Debra Tombs and Joseph McKinney.

Luckett's complaint includes three separate claims. In the first claim, Luckett alleged that he was assaulted by Charles Hand in an incident on September 26, 2005. Luckett is and was housed at Unit 32 C at the Mississippi State Prison at Parchman. On the morning of September 26, 2005, when Luckett refused the required visual inspection for his shower, an Officer Westmoreland refused to take him to the showers. Luckett then spoke to Charles Hand about his shower. According to Luckett, Hand told him he would miss his shower. According to Hand's incident report, which Luckett introduced into evidence, Hand told Luckett that he would make sure that Luckett got his shower. By both Luckett's and Hand's account, Luckett's reaction was to ask Hand if he had children. When Hand said yes, Luckett told hand he needed to have insurance on his children. Hand and Luckett both say that Hand took this to be a threat to the life and safety of Hand's children. Luckett claims he only meant to threaten the officer's life and safety, not his children.

At that point Hand decided to conduct a shakedown of Luckett's cell. According to multiple incidents reports created at the time and introduced into evidence by Luckett, Hand decided to have Luckett removed from the tier at that time. Hand called for assistance in removing Luckett from his cell. After initially refusing, Luckett was cuffed and taken down the hall. He was told to sit on a bench in a break room.

According to defendants Samuel Moore and Curtis Reed they assisted Hand in removing Luckett from his cell and taking him down the hall, but immediately left to take care of other inmates who were in the showers. According to the incident reports apparently Hand was left alone with Luckett. According to Luckett not only did Hand proceed to beat him but other people witnessed the attack and failed to intervene to stop it. Luckett named some but not all of the defendants as being present. His testimony on who may have witnessed the event is somewhat unclear and not credible. None of the testimony at the hearing nor the incident reports corroborate Luckett's version of multiple, or indeed any witnesses to what happened between Luckett and Hand. Therefore the undersigned finds that no defendant is liable to Luckett for failing to stop Hand's attack. The undersigned likewise finds that there is no basis for finding that any defendant other than Hand knew, understood or anticipated that Hand planned to assault Luckett. At least one defendant, Anthony Porter is a supervisor who by his uncontradicted testimony arrived only after the conclusion of the altercation between Hand and Luckett. Accordingly the undersigned finds that Luckett has failed to establish any claim against any defendant other than Hand and recommends that all defendants other than Hand should be dismissed with prejudice.

There is no dispute that Hand in fact struck Luckett with a baton. Hand failed to appear at the evidentiary hearing and failed to file an answer to the complaint. The only evidence of his

version of the events is in his incident report. According to Hand's incident report Luckett attempted to head butt the officer. Hand then struck Luckett on the thigh. When Luckett rushed at him again Hand threw him to the ground. When Luckett continued to resist, Hand hit him twice across the buttocks with the baton. Luckett's testimony is basically consistent with Hand's incident report except Luckett describes what may be more blows than Hand reported, over a longer period of time, with no aggressive action on Luckett's part. Luckett's testimony is not compelling. But the undersigned has considered that Hand's report does not unambiguously establish the reasonableness of the force used. This fact coupled with Hand's failure to appear and defend his actions and the bruising shown on the photos leads the undersigned to find that Hand used excessive force against Luckett and to recommend that Luckett receive a verdict against this defendant.

While finding that Luckett is entitled to a recovery because excessive force was used against him, having threatened the lives of the children of the correctional officer, Luckett clearly provoked Hand. The law expects professionalism from its corrections officers and not brutality or retaliation in the face of hostile or abusive language. That said inmates should expect that corrections officers are human beings. Luckett clearly intended to push Hand's buttons. He succeeded with regrettable but foreseeable consequences. While finding that Hand's conduct was unacceptable, Luckett's behavior nevertheless makes it understandable. It is in fact the evidence of the provocation which most strongly supports the finding that Hand used excessive force. Given the provocation involved and Luckett's responsibility for the situation, imposition of punitive damages is not appropriate.

Luckett received contusions and bruising to his thigh, large bruises across both buttocks and swelling in one finger. Dr. James Burk testified that the use of force reported by Hand was consistent with the reported injuries. Luckett was treated with nonsteroidal anti-inflammatory

3

medication and ice compresses. He suffered no fractures. Dr. Burk testified that Luckett suffered relatively benign injuries. The undersigned agrees with that assessment and recommends that Luckett's damages be assessed at two hundred dollars.

Luckett also complained about repeated shakedowns he was subjected to during this time. The testimony at trial indicates that Luckett was indeed subjected to multiple daily shakedowns. These shakedowns were necessitated because Luckett's cell was adjacent to a violent inmate. His cell was included in the shakedowns to prevent this other inmate from passing items to Luckett's cell. The measures necessary to the maintenance of security in the maximum security prison is a matter for the determination of prison officials. Their decisions are to be accorded a high degree of deference. *Bell v. Wolfish*, 441 U.S. 520, 547-48, 99 S.Ct. 1861,1878, 60 L.Ed.2d 447(1979). Luckett has failed to establish any liability in any defendant for these shakedowns.

Luckett also alleged a separate incident on November 21, 2005 when he claims Hand without provocation sprayed him with mace and then hit him in the head with a shotgun and kicked him. He presented no evidence regarding this final claim, which should therefore be dismissed with prejudice.

Conclusion

The undersigned recommends that the defendants Anthony Porter, Martha Willis, Samuel Moore, Curtis Reed, Cheryl Johnson, Precious Love, Debra Tombs and Joseph McKinney be dismissed with prejudice.

The undersigned recommends that judgment be entered in favor of the plaintiff Luckett against the defendant Charles Hand in the amount of $200.00, plus court costs.

The undersigned recommends that the complaint as it relates to the shakedowns performed involving Luckett and with regard to the alleged November, 2005, excessive force incident be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 8th day of December, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE